**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4188-17T3

JOSEPH TRIPODI and DENISE
TRIPODI,

     Plaintiffs-Appellants,

v.

BIG TOP ARCADE/PATRICIA
HERSHEY,

     Defendants,

and

ANGELA LOMBARDI,

     Defendant-Respondent.

_____

Argued May 28, 2019 – Decided June 10, 2019

Before Judges Haas and Susswein.

On appeal from Superior Court of New Jersey, Law Division, Union County, Docket No. L-3629-16.

James B. Smith, Jr., argued the cause for appellants (John J. Pisano, attorney; John J. Pisano, on the brief).

George A. Prutting, Jr., argued the cause for respondent (Prutting & Lombardi, attorneys; George A. Prutting, Jr., on the brief).

PER CURIAM

Plaintiffs Joseph and Denise Tripodi[1] appeal from the Law Division's order granting defendant Angela Lombardi's[2] motion for summary judgment and dismissing plaintiff's complaint.  Plaintiffs alleged that they "sustain[ed] severe and permanent injuries inclusive of significant hearing loss," after firing "a defective paintball gun" at a shooting gallery amusement stand defendant operated on the Seaside Heights boardwalk.[3]  Plaintiffs failed to present an expert on the question of defendant's alleged negligence, and the court ruled that without an expert, plaintiffs could not establish that defendant was responsible for any injuries they may have sustained.  As they did before the trial court, plaintiffs argue on appeal that their proofs were sufficient to withstand summary

---

[1]  Because plaintiffs share the same surname, we refer to them individually as Joseph and Denise.  In doing so, we intend no disrespect.

[2]  Plaintiffs improperly pleaded defendant Lombardi as "Angie Lombardi."

[3]  In their complaint, plaintiffs also named Big Top Arcade and its owner as defendants because they rented space to defendant to operate her stand. However, plaintiffs later consented to a dismissal of their claims against these defendants with prejudice.

A-4188-17T3

judgment under the doctrine of res ipsa loquitur even though they failed to produce an expert. We disagree with plaintiffs and affirm.

We recite and view the facts in the light most favorable to plaintiffs, the non-moving parties. Polzo v. Cty. of Essex, 209 N.J. 51, 56 n.1 (2012) (citing Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 523 (1995)). On July 16, 2016, plaintiffs visited defendant's "Zombie Paintball Stand" on the boardwalk. This attraction involved customers shooting paintballs at targets with paintball guns provided by defendant. The guns were attached to the stand by chains. There was a sign at the stand that stated, "PLAY AT YOUR OWN RISK. ZOMBIE PAINTBALL IS NOT LIABLE FOR AN[Y] INJURIES. HAVE FUN. . ." (second alteration in original).

On that day, defendant's employee, B.R.,[4] was operating the stand. He explained the rules of the game to plaintiffs after they approached the stand and paid the ten dollar fee. B.R. then "loaded . . . 100 paintballs in the hopper of the paintball gun[,]" and plaintiffs began taking turns firing at the targets. B.R. stated that the paintball gun plaintiffs were shooting "was used before [plaintiffs did so] and many times after, without any problems ever." B.R. "did not hear any noises out of the ordinary" as plaintiffs shot at the targets.

---

[4] We refer to the employee by initials to protect his privacy.

A-4188-17T3

Plaintiffs claimed that about fifteen to twenty minutes after they began playing the game, the paintball gun "exploded/backfired" while Denise was shooting it. Joseph, who had been helping Denise aim the gun as she held it on her shoulder, was standing with his face about six inches away from the gun when he heard "a loud bang." Plaintiffs alleged they immediately had pain and ringing in their ears.

Joseph complained to B.R. "of his ear hurting from what he [said] was a loud bang. [Joseph] said, what was that and [B.R.] was confused and replied, what was what?" Plaintiffs flagged down two police officers, who asked if they wanted medical treatment.[5] Plaintiffs declined. However, Joseph sought treatment the next day, and Denise followed suit the day after that.

In their complaint, plaintiffs alleged they continued to suffer from a number of conditions, including hearing loss and tinnitus, as the result of the incident. Plaintiffs claimed these conditions were caused by defendant's negligence. Specifically, they asserted that defendant was "negligent in failing

---

[5] The police prepared a written report, and noted that "the attend[a]nt at the stand stated that the reason for loud bang was due to a backfire of air in the compressed air lines." The attendant was not identified in the report.

A-4188-17T3

to warn[6] and/or maintain and/or repair and/or care for the . . . paintball gun, creating . . . dangerous conditions upon which someone such as plaintiff[s] could injure themselves."  Plaintiffs also argued that defendant

> failed and neglected to provide a safe and proper place for the customers, business invite[e]s and/or pedestrians and permitted and allowed the paintball gun to become hazardous, which was dangerous and unsafe; failed to warn the plaintiff[s] with respect to said dangerous and defective condition and failed to exercise that degree of care and caution required to keep the . . . paintball gun in a safe condition.

In spite of the complex nature of these claims, however, plaintiffs did not produce an expert report on the question of negligence.  After the discovery period ended, defendant filed a motion for summary judgment, asserting that without expert testimony, plaintiffs could not prove that she was negligent or that any action by her or her employees was the proximate cause of plaintiffs' injuries.  Plaintiffs did not file a response to the motion.

In a thorough written opinion, Judge Alan G. Lesnewich granted defendant's motion and dismissed the complaint.  In so ruling, the judge noted that negligence may not be presumed and, instead, must be demonstrated by the

---

[6]  Although this language appears to suggest that plaintiffs intended to raise a product liability claim, plaintiffs concede in their appellate brief that they "did not allege a product liability or strict liability claim."

A-4188-17T3

plaintiff. Thus, Judge Lesnewich relied upon the well-established principle that "expert testimony is required when 'a subject is so esoteric that jurors of common judgment and experience cannot form a valid conclusion.'" Ford Motor Credit Co., LLC v. Mendola, 427 N.J. Super. 226, 236 (App. Div. 2012) (quoting Hopkins v. Fox & Lazo Realtors, 132 N.J. 426, 450 (1993)).

Here, plaintiffs failed to present any evidence that they ever had the paintball gun or any associated equipment inspected by an expert with knowledge concerning the proper operation and maintenance of paintball guns or compressed air lines. The record did not contain any photographs or a verbal description of the gun or the compressed air lines. Plaintiffs did not demonstrate whether each gun had its own compressed air line, whether a single line was used for all of the guns available at the stand, or how the lines were even attached to the guns. Plaintiffs also did not proffer any information concerning the age and overall condition of the equipment used at the stand, or whether defendant deviated from any industry-wide requirements to inspect or maintain the equipment.

Perhaps more importantly, plaintiffs failed to present any information concerning the nature of the sounds that normally emanate from a paintball gun, what sounds are made when a paintball hits a target, and how the "loud bang"

plaintiffs allegedly heard differed from any sounds normally caused by firing a paintball gun. In addition, nothing in the record would inform a jury whether or not "backfire" noises may sometimes occur from the compressed air lines when the equipment is used in the normal course of operation, and in the absence of any defect or negligence.

Under these circumstances, Judge Lesnewich ruled that these complex matters were all "beyond the ken of the average juror" and, therefore, plaintiffs needed an expert to establish that defendant was negligent. Because plaintiffs failed to present an expert report, the judge granted defendant's motion for summary judgment and dismissed plaintiffs' complaint.

Thereafter, plaintiffs filed a motion for reconsideration. Their attorney asserted he was not aware that defendant had filed a motion for summary judgment, and he asked for the opportunity to submit opposition to the motion. Defendant did not object to this request, and Judge Lesnewich allowed plaintiffs to file their responsive papers.[7]

Plaintiffs did not submit an expert report in response to defendant's motion for summary judgment. Instead, they argued, as they now do on appeal, that

---

[7] The judge also permitted defendant to file a brief replying to plaintiffs' submission.

A-4188-17T3

under the doctrine of res ipsa loquitur, their proofs were sufficient to establish an inference of negligence by defendant. Plaintiffs asserted that the "loud bang" they allegedly heard would not have occurred unless defendant was responsible and, therefore, no expert was necessary to establish that defendant was negligent in operating her stand.

Following oral argument, Judge Lesnewich rejected plaintiffs' contentions, and declined to disturb his prior order granting defendant's motion for summary judgment.[8] As also summarized by the judge in his written decision, "[r]es ipsa loquitur, Latin for 'the thing speaks for itself,' is a longstanding evidentiary rule grounded in principles of equity" that "enables the plaintiff to make out a prima facie case" of negligence in limited circumstances. McDaid v. Aztec West Condo. Ass'n, 234 N.J. 130, 142 (2018) (quoting Jerista v. Murray, 185 N.J. 175, 191 (2005)). Under this doctrine, an inference of defendant's negligence may be drawn when: "(a) the occurrence itself ordinarily bespeaks of negligence; (b) the instrumentality was within the

---

[8] In their amended notice of appeal, plaintiffs also challenge the court's order denying their motion for reconsideration. At the same time, however, they acknowledge that their objection to that order is "moot" because the judge "addressed plaintiff[s'] substantive opposition to summary judgment," including their res ipsa loquitur argument. Therefore, we need not further address that portion of the order here.

defendant's exclusive control; and (c) there is no indication in the circumstances that the injury was the result of the plaintiff's own voluntary act or neglect." Buckelew v. Grossbard, 87 N.J. 512, 525 (1981) (quoting Bornstein v. Metro. Bottling Co., 26 N.J. 263, 269 (1958)).  The burden of proof is on the plaintiff to establish the inference of negligence by a preponderance of the evidence. Szalonotai v. Yazbo's Sports Café, 183 N.J. 386, 389 (2005).

Applying these well-established principles, Judge Lesnewich found that because plaintiffs were unable to establish any of the three prongs of the Buckelew test, they could not demonstrate that defendant was negligent under the res ipsa loquitur doctrine.  As detailed above, there were numerous unanswered questions concerning the operation of the paintball guns and compressed air lines, how this equipment should be maintained, and even what sounds the equipment might make in normal operation.  Without an expert report to address these esoteric matters, the judge concluded that plaintiffs failed to show that the "loud bang" they heard "bespeaks of negligence."

Turning to the second prong, Judge Lesnewich found that "the paintball game was not within the exclusive control of . . . [d]efendant at the time of [p]lainitiffs' injuries, but rather [p]laintiffs."  Indeed, plaintiffs had been taking turns shooting the gun for fifteen to twenty minutes when the "loud bang"

occurred. During this time period, Joseph was assisting Denise by helping her aim the gun in addition to shooting it himself. Thus, the judge also concluded that plaintiffs did "not provide[] any proof to support [their contention that] the occurrence was not the result of [p]laintiffs' own neglect or voluntary acts" as required by prong three of the Buckelew test.

This appeal followed. On appeal, plaintiffs again contend that "the proofs weighed in . . . plaintiffs' favor [and] support a finding that . . . defendant is liable under the doctrine of . . . res ipsa loquitur." We disagree.

Our review of a ruling on summary judgment is de novo, applying the same legal standard as the trial court, namely, the standard set forth in Rule 4:46-2(c). Conley v. Guerrero, 228 N.J. 339, 346 (2017). Thus, we consider, as Judge Lesnewich did, whether "the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Town of Kearny v. Brandt, 214 N.J. 76, 91 (2013) (quoting Brill, 142 N.J. at 540). If there are no genuine issues of material fact, we must then decide whether the trial court correctly interpreted the law. See Prudential Prop. & Cas. Co. v. Boylan, 307 N.J. Super. 162, 167 (App. Div. 1998). We

10

accord no deference to the trial judge's conclusions on issues of law and review those issues de novo. <u>Nicholas v. Mynster</u>, 213 N.J. 463, 478 (2013).

Having considered plaintiffs' contentions in light of the record and applicable legal principles, we are satisfied that Judge Lesnewich properly granted summary judgment to defendant and affirm substantially for the reasons expressed in his April 2, 2018, and May 14, 2018 written opinions.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4188-17T3